UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABUHOURAN, | ) | CASE NO. 4:06CV1207 |
| | ) | |
| Plaintiff | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| R.L. MORRISON, et al. | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendants | ) | |
| | ) | |
| | ) | |

This matter is before the Court following a decision by the United States Court of Appeals for the Sixth Circuit, *Abuhouran v. Morrison*, USCA #06-4131, remanding to this Court for further proceedings consistent with that decision and the United States Supreme Court's holding in *Jones v. Bock*, 127 S. Ct. 910 (2007). At the time the action was originally filed by Plaintiff, he was housed at FCI Elkton in Ohio, and he named as parties both officials at FCI Elkton and officials at FDC Philadelphia in Pennsylvania. This Court dismissed Plaintiff's claims against all Defendants, but on different grounds. The Sixth Circuit affirmed this Court's disposition of the claims against the officials at FCI-Elkton, but reversed on the claims against the officials at FDC-Philadelphia and remanded for proceedings consistent with the United States Supreme Court's holding in *Jones v. Bock*, 127 S. Ct. 910 (2007).

On August 27, 2007, this Court entered an order requiring the parties to show cause by October 1, 2007, why this action should not be transferred to the Eastern District of Pennsylvania, where the claims that remain unresolved occurred. On September 14, 2007, a letter from Plaintiff was docketed requesting information about this action. Plaintiff then filed a

1

change of address notification on September 20, 2007, which indicated that he had been transferred to FC Canaan in central Pennsylvania. Based upon Plaintiff's request for a status update, and his subsequent change of address notification, the Court sent Plaintiff a copy of the docket sheet and its Order to Show Cause (Doc. 21) as a precautionary measure.

A district court may transfer a case sua sponte pursuant to 28 U.S.C. § 1404(a). *Carver v. Knox County*, 887 F.2d 1287, 1291 (6th Cir. 1989). Section 1404(a) permits a change of venue for the convenience of parties and witnesses as well as in the interest of justice, and the case may be transferred to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court considering sua sponte transfer of venue should inform the parties of its considerations and should give them an opportunity to be heard on the matter. *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006).

The following factors must enter into a court's consideration of a motion for change of venue: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interests of justice; and (4) whether the civil action might have been brought in the district to which the movant requests a transfer." *Roberts Metals, Inc. v. Florida Props. Mktg. Group, Inc.*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991), *aff'd* 22 F.3d 1104 (Fed. Cir. 1994). The court should also consider the plaintiff's choice of forum and the respective docket loads of the two district courts. *Id.* at 92 n.2; *see also Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 394 (E.D. Mich. 1982).

The Court has weighed these factors in its considerations. Further, the Court has given Plaintiff two opportunities to show cause why this action should not be transferred to Pennsylvania, where the action could originally have been brought and where the actions giving rise to the only remaining claim occurred. Having received no response to either show cause

2

order (Docs. 21, 24), and taking into account that Plaintiff is now housed in a Pennsylvania correctional institution, this Court transfers this action to the United States District Court for the Eastern District of Pennsylvania for further actions consistent with the Sixth Circuit's order (Case No. 06-4131).

    IT IS SO ORDERED.

DATED: November 30, 2007          ___/s/ *John R. Adams*_____
                                                 John R. Adams
                                               United States District Judge